IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
CIVIL DIVISION

| | |
|---|---|
| **MATTHEW KLINE, et al**<br><br>        Plaintiffs,<br>v.<br><br>**GEMINI TRANSPORT, LLC, et al**<br><br>        Defendants. | Case No.: 2:16-CV-13157<br><br>Judge Hon. Gershwin A. Drain<br><br>**PLAINTIFFS RESPONSE TO DEFENDANTS GEMINI TRANSPORT, LLC AND AMARILLO ZERE'S MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER VENUE TO THE SOUTHERN DISTRICT COURT IN INDIANA.**<br><br>Joshua M Leizerman<br>Michael Jay Leizerman (P53413)<br>E.J. Leizerman & Associates, LLC<br>3450 W. Central Avenue, Suite 328<br>Toledo, OH 43606<br>Phone: (419) 243-1010<br>Facsimile: (419) 243-8200<br>joshua@leizerman.com<br>michael@leizerman.com<br><br>Samuel W. Jarjour, (15468-02)<br>701 S. Clinton Street, Ste. 316<br>Fort Wayne, IN 46802<br>Office: (260) 420-2333<br>Fax: (260) 420-2335<br>sam@jarjourlaw.com<br><br>*Attorneys for Plaintiffs* |

Plaintiffs, Matthew Kline and Mark Kline, individually and on behalf of minor Hayden Kline, respectfully request the Court deny Defendants Gemini Transport, LLC ("Gemini") and Amarillo Zere's Motion to Dismiss or in the Alternative to Transfer Venue to the Southern District Court in Indiana.

1

Venue is a personal privilege of a defendant and can be waived.[1] The venue statute, 49 U.S.C. § 1391, "is not a qualification upon the power of the court to adjudicate, but a limitation designed for the convenience of litigants, and, as such may be waived by them."[2] Defendants Gemini and Zere admit, in their motion, that they are residents of Michigan for the purposes of venue under 49 U.S.C. § 1391(c). Accordingly, venue is proper as to Gemini and Mr. Zere.

Because venue is a personal privilege of a defendant, standing to raise the defense of improper venue is personal to the objecting defendant and does not extend to an objection that venue is improper as to another defendant unless the second defendant is an indispensable party.[3] Here, Defendants Gemini and Zere have objected to venue based on venue being improper for Mr. Lallathon. Mr. Lallathon is not an indispensable party with respect to Plaintiffs claims against Defendants Gemini and Zere.

Moreover, it is Plaintiffs understanding that Defendants FedEx Ground Package System, Inc. ("FedEx") and Delbert E. Lallathon, Jr. are also filing a response to the motion by Defendants Gemini and Zere. Plaintiffs do not know the subject matter of FedEx and Lallathon's response; however, if Mr. Lallathon chooses to waive his affirmative defense of improper venue, for whatever reason, Gemini and Zere are not entitled to keep him from exercising

---

[1] *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S. Ct. 2710, 2715 (1979) (citing *Olberding v. Illinois Central R. Co.,* 346 U.S. 338, 340, 74 S. Ct. 83, 85 (1953); *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 167-168, 60 S. Ct. 153, 154-155 (1939)).
[2] *Olberding*, 346 U.S. at 340.
[3] *See Anrig v. Ringsby United*, 603 F.2d 1319, 1324 (9th Cir. 1978).

that privilege. Theoretically, even if FedEx and Lallathon decline to waive their improper venue defense, it would be proper to transfer Plaintiffs claims against FedEx and Lallathon to the Southern District of Indiana while retaining Plaintiffs' claims against Gemini and Zere here in the Eastern District of Michigan.[4]

Ultimately, Defendants Gemini and Zere may not move the court to dismiss or transfer Plaintiffs' action for improper venue relative to other parties that are dispensable to Plaintiffs claims against Gemini and Zere. In this instance only FedEx and Lallathon may move the Court to dismiss or transfer Plaintiffs' claims against FedEx and Lallathon, which they have not done at this time.

WHEREFORE, Plaintiffs respectfully move the Court to deny Defendants Gemini Transport, LLC and Amarillo Zere's Motion to Dismiss or in the Alternative to Transfer Venue to the Southern District Court in Indiana.

/s/ Joshua M Leizerman
Joshua M Leizerman
Attorney for Plaintiff

---

[4] *Id.*

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 17th day of November, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF system for filing and for transmission to all ECF registrants through the ECF system.

                                Respectfully submitted,

                                <u>/s/ Joshua M Leizerman</u>
                                Joshua M Leizerman
                                Attorney for Plaintiffs