UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M<small>ATTHEW</small> K<small>LINE</small>, et al.,

    Plaintiffs,

v.

G<small>EMINI</small> T<small>RANSPORT</small>, LLC, et al.,

    Defendants.
_____/

Case No. 16-cv-13157

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
S<small>TEPHANIE</small> D<small>AWKINS</small> D<small>AVIS</small>

**O<small>PINION AND</small> O<small>RDER</small> D<small>ENYING</small> D<small>EFENDANTS</small> G<small>EMINI</small> T<small>RANSPORT</small>, LLC A<small>ND</small> A<small>MARILDO</small> Z<small>ERE'S</small> M<small>OTION</small> T<small>O</small> D<small>ISMISS AND</small> G<small>RANTING</small> D<small>EFENDANTS'</small> M<small>OTION</small> T<small>O</small> T<small>RANSFER</small> V<small>ENUE</small> T<small>O</small> T<small>HE</small> S<small>OUTHERN</small> D<small>ISTRICT</small> C<small>OURT</small> I<small>N</small> I<small>NDIANA</small> [7]**

**I. I<small>NTRODUCTION</small>**

Plaintiffs Matthew Kline and Mark Kline, individually and on behalf of his minor daughter, Hayden Kline, brought this action on August 31, 2016 against Defendants Gemini Transport, LLC, Amarildo Zere, FedEx Ground Package System, Inc, and Delbert E. Lallathon, Jr. Plaintiffs brought negligence and vicarious liability claims against Defendants for injuries incurred in a vehicle collision in Indiana.

This motion is fully briefed. After reviewing the parties' submissions, the Court concludes that a hearing is not necessary and that the motion can be properly decided on the papers. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below,

Defendants' Motion is **DENIED** as to dismissal and **GRANTED** with respect to transfer to the Southern District of Indiana.

## II. BACKGROUND FACTS

According to Plaintiffs' Complaint, on February 14, 2015, Plaintiff Matthew Kline was driving southbound on I-69 in or near Washington Township, Indiana with Plaintiffs Mark and Hayden Kline as passengers. Dkt. No. 1, p. 3 (Pg. ID No. 3). Defendant Delbert Lallathon, Jr. was driving a FedEx Ground Package System, Inc. tractor-trailer southbound on I-69 when he attempted to stop for a vehicular collision in front of him. *Id.* at 3–4. Defendant Amarildo Zere was driving a Gemini Transport, LLC tractor-trailer southbound on I-69. *Id.* at 4. Defendant Zere also attempted to stop for the same crash ahead. *Id.* While attempting to avoid the crash ahead, Defendants Lallathon and Zere struck each other. *Id.* Defendant Zere then slid to the right, hitting the Kline vehicle, forcing it off the roadway and into a ditch. *Id.* The accident caused Matthew Kline, Mark Kline and Hayden Kline to sustain multiple injuries, including but not limited to face, neck, head and back injuries. *Id.* at 2.

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss the plaintiff's complaint for improper venue. If a case is filed in an

improper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Venue is proper in "a judicial district in which any defendant resides, if *all* defendants are residents of the State in which the district is located." *Id.* § 1391(b)(1) (emphasis added). A corporate defendant is "deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). Venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.* § 1391(b)(2).

"On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). The Court must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff. *Id.* Where venue is improper, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court. *See* 28 U.S.C. § 1406.

### IV. DISCUSSION

In the present case, three of the Defendants may be considered residents of Michigan, while one is a resident of Illinois. *See* Dkt. No. 1, pp. 2–3 (Pg. ID No.

2–3). Accordingly, venue in the Eastern District of Michigan is not proper under Section 1391(b)(1). Furthermore, since the events in question occurred entirely within Indiana, venue in the Eastern District of Michigan is not proper under Section 1391(b)(2).

Plaintiffs do not dispute that not all Defendants reside in the Eastern District of Michigan.[1] *See* Dkt. No. 22. Plaintiffs also do not dispute Defendants' assertion that "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Indiana, where the accident took place. *See id*. Instead, Plaintiffs argue that Defendants Gemini Transport, LLC and Amarildo Zere, as Michigan residents, may not object to improper venue on behalf of Defendant Delbert E. Lallathon, Jr., an Illinois resident. *Id*. at 2 (Pg. ID No. 117). Defendant Lallathon concurred with Defendants' Motion and did not waive his affirmative defense of improper venue. Dkt. No. 21, p. 2 (Pg. ID No. 121).

Plaintiffs further argue that if venue is improper for one defendant, the Court should split the case into two separate actions, based on the same facts, keeping one case in the Eastern District of Michigan and transferring the claim against Defendant Lallathon to the Southern District of Indiana. Dkt. No. 20, p. 3 (Pg. ID No. 118). Federal statutes do not explicitly provide such a remedy in cases of

---

[1] Unfortunately, the Court must also note the repeated failure of parties to comply with Local Rule 5.1(a)(3), requiring 14 point type size for all text and footnotes in papers submitted to the Court. *See* Dkt. No. 20, 21. Future papers not in compliance with the Local Rules may be stricken.

improper venue, instead stating that cases are to be dismissed or transferred to an appropriate venue. *See* 28 U.S.C. § 1406. Plaintiffs rely on an out-of-circuit case from 1978, wherein the Ninth Circuit interpreted Section 1391(b) to only apply to "indispensable defendants." *Anrig v. Ringsby United*, 603 F.2d 1319, 1323–24 (9th Cir. 1978). Plaintiffs have not provided any authority indicating that the Sixth Circuit has adopted this position.

Furthermore, *Anrig* did not provide for the course of action suggested by Plaintiffs: severing the case into two. Rather, *Anrig* stated that "the non-indispensable party should be dismissed out in order to preserve proper venue for the remaining indispensable defendants." *Id*. at 1324. Although Plaintiffs allege that Defendant Lallathon is not an indispensable party, they do not propose to dismiss Defendant Lallathon from the suit. Dkt. No. 20, p. 2 (Pg. ID No. 117). Furthermore, all Defendants seek to or concur with transfer to a proper venue under Section 1391(b)(2), including non-resident defendant. Thus, it appears that Defendants are entitled to transfer of venue to the Southern District of Indiana based on improper venue.

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to [a] wastefulness of time, energy and money . . . Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court

each prefers." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). *See also* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3854 (4th ed. 2016) (noting that transfer is warranted under § 1404(a)'s broad "interest of justice" reference when the transfer would prevent "multiplicity of litigation as a result of a single transaction or event.").

Accordingly, the Court finds that it is in the interests of judicial efficiency to keep all Defendants together in one case, rather than simultaneously proceeding with two cases based on the same operative facts in different districts. *See, e.g., Bryan v. Hyatt Corp.*, No. 07-CV-11955, 2008 WL 205246, at *3 (E.D. Mich. Jan. 24, 2008) (transferring case to jurisdiction where injury occurred where defendants were not all residents of the same state).

## V. CONCLUSION

For the reasons discussed above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is **DENIED** and Defendants' Motion to Transfer Venue to the Southern District Court in Indiana is **GRANTED** [7].

The Court will transfer the case to the United States District Court for the Southern District of Indiana.

IT IS SO ORDERED.

Dated: December 13, 2016  /s/Gershwin A Drain
Detroit, MI  HON. GERSHWIN A. DRAIN
  United States District Court Judge